UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 12-20640-02

v.

ROBERT MARTIN MORRIS,

*Defendant.*
_____/

# DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant Robert Martin Morris be detained pending trial.

## Part I - Findings of Fact

**A.   Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX   (1)   The Government moved for detention at Defendant's first appearance pursuant to:

      XX   18 U.S.C. § 3142(f)(1).

      __   18 U.S.C. § 3142(f)(2).

__   (2)   A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.   Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__   (1)   Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1),

and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

__ (2) The offense described in finding was committed while Defendant was on release pending trial for a federal, state or local offense.

__ (3) A period of less than five years has elapsed since

   __ the date of conviction, **or**

   __ Defendant's release from prison for the offense described in finding (B)(1).

__ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.    Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that Defendant has committed an offense:

<u>XX</u>    for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act[1], **or**

__    under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

__    listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

__    listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

__    involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

__    the probable cause findings above establish a rebuttable presumption that no

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

condition or combination of conditions will reasonably assure the safety of another person or the community.

**D.     Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

__ (1)    There is a serious risk that Defendant will not appear.

__ (2)    There is a serious risk that Defendant will endanger the safety of another person or the community.

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

__    by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

__    by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

XX    both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(l):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that a rebuttable presumption in favor of detention applies in this case, the Court must consider whether there is sufficient evidence on the record to rebut the presumption under the factors set forth in section 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense

charged involves narcotic drugs, specifically cocaine. I find, from the grand jury having returned an indictment, that there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is 45 years of age and is divorced. He has been living with a girlfriend at an address in Bay City, Michigan, for approximately the last six months, and has resided at various addresses in the Bay City area for at least the past 15 years. Defendant has worked as a line cook at various restaurants in the Bay City area for some years. Defendant conceded to Pretrial Services that he has used marijuana and Vicodin, apparently without a prescription. Preliminary drug screening was positive for both marijuana and opiates.

At age 17, Defendant pleaded guilty to felony breaking and entering. The next year he pleaded guilty to misdemeanor larceny. Two years later, Defendant pleaded guilty to a second felony breaking and entering. Six years later, at age 25, Defendant pleaded guilty to reckless driving, driving while intoxicated, disobeying a police order and driving while license suspended. He was sentenced to one year in jail. Three years later, Defendant pleaded guilty to felony delivery and manufacture of controlled substances and was sentenced to 32 to 48 months in prison. Defendant ultimately was paroled and discharged from that parole. A year and a half later, Defendant pleaded guilty to a felony offense relating to telephone services. He was sentenced to 12 to 48 months in prison, which may have run concurrently with the sentence described earlier. More importantly, while on parole in September 2001, Defendant was charged and pleaded guilty to driving while intoxicated. Nine months later, while still on parole, Defendant was charged and pleaded guilty to misdemeanor controlled substances, use of marijuana, and driving with

a suspended license.

In September 2006, Defendant was charged and pleaded guilty to another felony controlled substances offense, possession of cocaine under 25 grams. Very likely while on bond from that charge, he was also charged and pleaded guilty to misdemeanor operating without a license. The 2006 felony controlled substances charge yielded a probationary sentence of 36 months. In September 2009, while on probation, Defendant pleaded guilty to misdemeanor traffic offenses, and, in April 2010, was charged and pleaded guilty to misdemeanor operating while intoxicated, second offense, and driving with license suspended, second offense. The Assistant United States Attorney also proffers that Defendant failed to appear in October 2011 and twice in August 2012.

To Defendant's credit, he and his counsel have endeavored to find alternative living arrangements for Defendant that would not cause him to reside with any of the co-defendants or others involved in the incidents that underlie the charges made in the Indictment. Counsel for Defendant also correctly points out that many of Defendant's convictions are dated and indeed some occurred more than 20 years ago while Defendant was a juvenile. Had Defendant's criminal history ended at that point, counsel's arguments in favor of bond would have considerably greater force. However, Defendant has a history of continued criminal activity while on parole and supervision on charges involving penalties much less severe than those he now faces. Moreover, Defendant's criminal history indicates a continued pattern of a drug dealing. Several circuits and numerous district courts have held that continued drug dealing constitutes a danger to the community. *See, e.g., United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) ("continued drug dealing does constitute a danger and threat to the community, and that

fact alone justifies detention"); *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, at *2-*3 (D. Kan. Mar. 26, 2008); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL 4287515, at *4 (D.P.R. Dec. 4, 2007); *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, at *5 (E.D. Pa. Apr. 9, 2002).

In light of Defendant's failure to abide by conditions of bond and parole, his failures to appear for required hearings in matters much less severe than those which bring him here, and his continued use and distribution of illegal controlled substances, I conclude that the presumption in favor of detention has not been rebutted on the on the evidence presented. I further conclude that, even if it had, under the circumstances I am unable to craft any conditions of bond which would reasonably assure the safety of the community or Defendant's appearance as required for future hearings. Accordingly, the Government's motion to detain will be **GRANTED.**

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal

for a court appearance.

Review of this order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

|  |  |
|---|---|
|  | s/ *Charles E Binder* |
|  | CHARLES E. BINDER |
| Dated: October 17, 2012 | United States Magistrate Judge |

## **CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Libby Dill and Elias Escobedo, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

|  |  |
|---|---|
| Date: October 17, 2012 | By   s/*Jean L. Broucek* |
|  | Case Manager to Magistrate Judge Binder |